**FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF                          :

ENRIQUE ADAMES CRUZ RIVERA
                                          :        CASE NO. 05-07648(SEK)

    DEBTOR                               :        CHAPTER 13

-----------------------------------



**OPINION AND ORDER**

FILED & ENTERED

NOV 1 3 2007

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

Before the court is Debtor's request for relief from our order dismissing the case pursuant to Federal Rule of Bankruptcy Procedure 9024, which we deny for reasons that follow.

**BACKGROUND**

Debtor filed a voluntary petition for bankruptcy under Chapter 13 of the U.S. Bankruptcy Code on August 25, 2005, converting his case to Chapter 11 on February 16, 2006. While operating under Chapter 11, the P.R. Department of the Treasury ("Treasury"), filed proof of claim #21 for $3,805,969.53. Debtor did not object to Treasury's claim while the case was under Chapter 11. On June 16, 2006, Debtor requested a reconversion to Chapter 13, which we granted.

The section 341 meeting of creditors was scheduled on three different occasions. The last two meetings were not held because the Trustee questioned whether Debtor qualified for Chapter 13 relief given the amount claimed by Treasury as per its proof of claim #21. Counsel for the Debtor was present at least one of these times when the Trustee raised the issue. Thereafter, creditors filed several requests for relief from stay and dismissal, including one filed by the Trustee. We granted relief

from stay requests filed by R&G Mortgage Corp.'s and PRNP.  The motions to dismiss were either withdrawn or denied for lack of prosecution.  We were also unable to confirm the plan.

At this juncture, on March 27, 2007, we ordered Debtor to show cause within ten days why the case should not be dismissed or converted for undue delay that was prejudicial to creditors. 11 U.S.C. § 1307(c)(1).  Debtor had been under the protection of the Bankruptcy Code for at least eighteen months without being able to obtain confirmation of a plan. The case had gone from Chapter 13, to Chapter 11 and back to Chapter 13, always at the request of Debtor.  Debtor did not answer our order to show cause, and we dismissed this case on April 10, 2007.

Ten days later, Debtor requests reconsideration of our order dismissing the case.  During the hearing to consider the matter, the Trustee renewed his concerns regarding Debtor's eligibility for relief under Chapter 13, pursuant to 11 U.S.C. § 109(e).  We ordered Debtor to answer within 10 days, or the case would remain dismissed.

Debtor answered claiming: Treasury's claim should be expunged or disallowed; 2) failure to answer the order to show cause was due to excusable neglect; 3) the order of dismissal was entered before the ten day period had elapsed, at least with respect to Debtor.

## DISCUSSION

Assuming Debtor's excuse for not answering our order to show cause is valid, he has not objected to Treasury's claim #21, even

2

though he was aware the Trustee questioned his eligibility for relief due to the amount of this claim as of September, 2006. Seven months later, and without notifying Treasury, affording it an opportunity to reply or to be heard, Debtor asks that we expunge claim #21 from the record of this case. As long as Treasury's claim remains intact reconsideration of the dismissal is futile, as Debtor does qualify for Chapter 13 protection. Furthermore, we cannot expunge Treasury's claim pursuant to Debtor's request without violating that Agency's right of procedural due process.

Debtor reasons for not answering our order to show cause on time set forth in his motion for reconsideration do not amount to excusable neglect. Fuller v. Quire, 916 F.2d 358 (6th Cir. 1990); Díaz Alvarez v. Escuela de Medicina de Universidad Central del Caribe, 257 F. 3d 58 (1st Cir. 2001).

Finally, service on a party represented by an attorney is made on the attorney unless the court orders service on the party. Fed. R. Bankr. P. 9022 and 7005. Thus, service of our order to show cause on Debtor's attorney on March 27, 2007 was appropriate, and the dismissing entered on April 10, 2007, was timely.

For all these reasons, we deny Debtor's motion to vacate the dismissal and reinstate this case filed under to Fed. R. Bankr. P. 9024.

**SO ORDERED**, in San Juan, Puerto Rico, on November 13, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge

3